UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :   MEMORANDUM TO SPECIAL
                                        :   MASTER RESPECTING
                                        :   TIMELINESS OF DECISIONS
IN RE HABEAS CORPUS CASES               :   ON PETITIONS OF PERSONS
                                        :   IN STATE CUSTODY
                                        :   03-MISC-66 (JBW)
                                        :
----------------------------------------X

JACK B. WEINSTEIN, Senior District Judge:

You have been appointed to assist in the disposition of a large number of petitions from state prisoners and others in state custody. *See In re Habeas Corpus Cases*, 03 Misc-66 (May 1, 2003 Mem. & Order with Directions to Special Master, at 1). In considering the need for early resolution of habeas corpus petitions brought pursuant to section 2254 of Title 28 of the United States Code, the Special Master shall follow an interpretation of present statutes and rules requiring prompt decisions.

Congress has decreed that those in state custody who seek federal review of their state court convictions are entitled to a prompt ruling. A court entertaining an application for a writ of habeas corpus must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 para.1 (emphasis added). Required is a response from the person having custody "*within three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 para.2 (emphasis added). Upon receiving the return certifying the cause of the prisoner's detention, the court must set a date for hearing "*not more than five days* after the return unless for good cause additional time is allowed." 28 U.S.C. § 2243 para.4 (emphasis added). The entire statutory provision reads as



follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243.

The clear import of these statutory provisions is that habeas corpus matters are to be accorded a high priority; they must be resolved promptly by the court. *See Ruby v. United States*, 341 F.2d 585, 586–87 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him. . . ."). The statutory requirements accord with the historical roots of the Great Writ. It was meant to provide a "swift and imperative remedy in all cases of illegal restraint or confinement."

*Fay v. Noia*, 372 U.S. 391, 400 (1963) (quotation marks omitted), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).

Undue delay in the disposition of habeas corpus cases is unacceptable. Tardiness may prejudice the petitioner in supporting the petition. Some of his or her claims may merit release, with postponement leading to unnecessary continuation in custody.

Notwithstanding the clarity of section 2243, the statute has not been observed by federal district courts. Habeas petitioners are routinely required to wait sixty or more days for respondents' returns; hearings are rarely if ever scheduled within five days after that. To the contrary, petitioners have frequently waited years before receiving a hearing—if a hearing was scheduled at all.

There is arguably some authority for the district courts to abjure the dictates of section 2243. Rule 4 of the Rules Governing Section 2254 Cases authorizes the district court judge to "order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." The entire rule states:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.

The Advisory Committee Notes to Rule 4 indicate that the rule is intended to afford the

3

district courts "greater flexibility than under § 2243 in determining within what time period an answer must be made." An Advisory Committee Note, while helpful, cannot replace the plain language of a rule or statute. *See, e.g., Clark v. Long*, 255 F.3d 555, 559 (8th Cir. 2001) (an "advisory committee note, of course, does not have the force of law"); *United States v. Abdul-Hamid*, 966 F.2d 1228, 1231 (7th Cir. 1992) (committee notes not binding).

Apparently the Rule's drafters assumed that Rule 4 trumps section 2243. The promulgating statute for the Section 2254 Rules does provide that the Supreme Court, which adopted Rule 4, has the power "to prescribe general rules of practice and procedure" that "shall not modify, enlarge or abridge any substantive right," and that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072. The Section 2254 Rules are procedural in nature and were promulgated subsequent to section 2243. Relying on this chronological relationship, drafters and the courts have assumed that, to the extent they are in conflict, the Section 2254 Rules supercede section 2243. *See, e.g., Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348, 352 (S.D. W. Va. 1997).

From the words of the rule and the statute, however, it is not apparent that they are in conflict. Rule 4 requires a respondent to file an answer "within the period of time fixed by the court"; section 2243 allows a court discretion to set a response date, but only up to twenty days from issuance of the court's order to show cause. These provisions can be read and implemented in concert so that the maximum time allowable for the return is twenty days.

Repeals by implication are not favored. *See Universal Interpretive Shuttle Corp. v. Washington Metropolitan Area Transit Comm'n*, 393 U.S. 186, 193 (1968). An implied repeal

4

"will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" *Branch v. Smith*, 123 S. Ct. 1429, 1441 (2003) (quoting *Posadas v. National City Bank*, 296 U.S. 497, 503 (1936)). Rule 4 and section 2243 are not in irreconcilable conflict. The short-response provisions of section 2243 should, under normal interpretive assumptions, therefore be adhered to.

These observations on the need for speedy resolution have surrendered to practicalities of court administration. Given the large numbers of habeas petitions from state prisoners filed in the district courts, the strained dockets faced by most federal trial judges and the chronic understaffing of the bench, it has been impossible for many courts to schedule hearings for each nonfrivolous petition within the time limits of section 2243. Even if the federal courts could act as promptly as the statute requires, the burden on the District Attorneys' offices—which normally represent the warden respondent and which themselves face budget and staffing crises—would be nearly insuperable.

Effective administration of court dockets would be almost impossible if each habeas petitioner were afforded a hearing within weeks of the respondent's almost immediate reply. In addition, it would place an intolerable strain on the prisons if wardens were compelled to produce "the body" of the prisoner, as section 2243 by its terms requires, rather than have the prisoner available by telephone. *See* 28 U.S.C. § 2243 para.5 (unless the application for the writ presents only issues of law, "the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained"). As you recall, you were directed to have the prisoner present, in general, by telephone. *See* May 1, 2003 Mem. & Order, at 2.

Obeying the explicit directives of section 2243 is not possible. Granting of the writ to those in state custody on the ground that their petitions were not timely processed and resolved would result in the release from state prisons of hundreds of prisoners who are properly incarcerated. Such a jail delivery would be contrary to congressional design as manifested most clearly by its passage of the restrictive Antiterrorism and Effective Death Penalty Act of 1996. Granting petitions which have no substantive merit is not an appropriate remedy where state court convictions, which are presumptively valid, would by necessity be overturned. *See Bermudez v. Reid*, 733 F.2d 18, 22 (2d Cir. 1984) (district court must "ensur[e] that habeas petitions are granted only when the court is satisfied of their merits"); *see also Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that "in spite of the untimeliness of the state's return, the district court would have no power to grant the writ of habeas corpus . . . unless and until the averments of the petition have been proved by competent evidence").

Courts have relied on various grounds in finding that mere failure to timely comply with section 2243 does not warrant granting of the writ. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (relying on precedence of Rule 4). But at least one circuit has concluded—albeit in an unusual circumstance—that undue delay alone may merit a grant. *See Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time . . . . Busy court dockets cannot justify a 14-month delay in processing this claim from the date of remand. . . . We find this delay has denied petitioner constitutional due process.")

Congress could clarify the state of the law by revising section 2243 to acknowledge the need to allow district court's discretion in managing their section 2254 (and section 2255) habeas

caseloads under Title 28 of the United States Code. *See, e.g.*, 28 U.S.C. § 2241(d) (distinguishing between section 2254 and other bases of petitions).

The arguably unclear law concerning section 2243 does not obscure Congress's acknowledgment—in accord with the history of the Great Writ—that review of claims of illegal state detention must be swift. Even Rule 4, which arguably grants judges discretion to delay the proceedings, emphasizes that petitions shall be brought to the attention of the district court judge "*promptly*"—and repeats that the petition must be examined by the judge to whom it is assigned "*promptly*." At the very least, such language must be understood as a directive to district court judges not to let habeas applications settle to the bottom of their to-do lists.

You should not lose sight of the truism, expressed by the Supreme Court in *Presier v. Rodriguez*, that habeas corpus claims should receive "a swift, flexible, and summary determination." 411 U.S. 475, 495 (1973). Proceed with as much dispatch as is practicable.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated:     May 12, 2003
           Brooklyn, NY