## MEMORANDUM

To: Chief Judge Edward R. Korman
From: Judge Jack B. Weinstein
Date: June 2, 2003
Re: HABEAS CORPUS CASES
CC: Judges and Magistrate Judges

03-mc-66 (JBW)

1. This is a first report on the habeas corpus cases assigned to me.

- 490 cases were assigned.
- 13 cases have resulted in judgments or other closures.
- 86 cases have received preliminary analysis with tentative judgments drafted.
- 94 cases have hearings scheduled.
- 8 cases have been stayed and administratively closed to allow petitioners to exhaust.
- 2 cases were taken back by the original judge at the judge's request.

2. It was my intention to provide a hearing to each petitioner, but that seems unnecessary in some clear cases. I have nonetheless scheduled hearings, with a few exceptions, for all petitioners who filed their habeas applications between 1996 and 1999. To provide a hearing in each case is, in any event, precluded by the large amount of time necessitated by the demand of the court of appeals that district court judges generate what amounts to a memorandum and order even in instances where the petition's claims are obviously without merit and where the state court opinions and respondent's memoranda of law cover the matter conclusively. *See Ramirez v. Fischer*, No. 01-2149 (2d Cir. May 12, 2003) (remanding with instructions "to enter an opinion addressing [petitioner's] claims, as well as specifying the standard of review it applied to [the] case and the precedents it relied upon in rendering its oral decision"); *Miranda v. Bennett*, 322 F.3d 171, 175–77 (2d Cir. 2003). These cases call for a burden of explication that is often unnecessary but is now required. A hearing and oral ruling from the bench seems unacceptable in most cases. In addition, many of the files are in a confused state and lack documents that respondents claim they sent to us. These factors increase both the complexity of the task and the time needed to complete it.

3. There is, of course, a difficult judgment to be made in many cases. No doubt a federal trial judge sometimes would have tried a case more protectively of defendant; defense counsel could have been more skilled and, with sufficient money, could have done a better job. Where the line between poor or shoddy and incompetent representation is to be drawn in particular cases is a matter of judgment about which different federal judges at the trial and appellate levels will differ, despite out pretense that the tests may be mechanically applied with precision. This key factor—of judgment and discretion—makes review by the district court and the court of appeals



extremely time-consuming, if it is done properly.

4. The longer the case is delayed the more difficult it is to decide clearly and quickly. It is apparent that the delays of our court in processing these cases have added to the frustrations of prisoners, many of whom keep adding claims, making motions, writing letters, and otherwise increasing the size of the case file. I am reluctant to use Rule 15 and the statute of limitations to prevent relating back, because these are almost entirely pro se claims.

5. I trust that cases initiated after December 31, 2002, are being processed promptly by the judges to whom they are assigned. They should, in my respectful opinion, be completed within 60 days of commencement. If we allow them to pile up this whole habeas corpus clearing exercise will have proven almost worthless in the long run.

6. We are fortunate to have Marc Falkoff as special master. He and the clerk's office staff, along with my law clerks, staff, and student interns, have been invaluable.

7. In the wee hours of the night I feel like the Man of La Mancha pursuing enamored Justice—a role endemic to the federal district judge.